**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2554-19T1

4C4 MEDIA, LLC,

    Plaintiff-Appellant,

v.

LAKELAND BANK,

    Defendant-Respondent.

_____

Submitted December 14, 2020 – Decided February 4, 2021

Before Judges Rothstadt and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. DC-005768-19.

The McHattie Law Firm, LLC, attorneys for appellant (Michael V. Gattoni, on the brief).

Sherman Wells Sylvester & Stamelman, LLP, attorneys for respondent (Anthony J. Sylvester, of counsel and on the brief; Matthew F. Chakmakian, on the brief).

PER CURIAM

Plaintiff, 4C4 Media, LLC, appeals from the Special Civil Part's February 7, 2020 order awarding $2,533.50 in attorneys' fees to its former bank, defendant Lakeland Bank. The trial court entered the order in accordance with the parties' agreement after a bench trial that ended in defendant's favor. On appeal, plaintiff argues that the award violates the "American Rule," which requires each party to be responsible for their own fees, and the agreement upon which the award was based was "a contract of adhesion [that was] unenforceable." We affirm, as plaintiff's failure to provide us with a transcript from the trial has impeded our review of this matter.

Plaintiff filed its complaint alleging that defendant was responsible for a withdrawal made by plaintiff's former member from its account with defendant. The account was opened in 2016 under a "Deposit Account Agreement" that was later modified in 2017. Plaintiff's former member was a signatory on that account. The agreement contained a provision for payment of defendant's attorneys' fees "for any loss, costs, or expenses that we may incur as a result of any dispute or legal proceeding involving your Account."

Plaintiff's complaint alleged defendant improperly allowed the former member to withdraw funds from its account "despite being put on notice of the member[']s removal from the company." The complaint that was filed in the

Special Civil Part demanded $3,300 plus costs and fees. Defendant filed an answer denying liability, and on November 18, 2019, the court conducted a bench trial before entering a judgment in defendant's favor and directing it to file a certification of services for an award of counsel fees.

Two days later, defendant's counsel submitted the certification asking for an award of $2,533.50 pursuant to the agreement, which had been marked as an exhibit at trial. Plaintiff did not object to the submission. Rather, it filed a motion for reconsideration of the November 18, 2019 judgment as it pertained to attorney fees.

In its reconsideration motion, plaintiff argued that the agreement was a "contract of adhesion" and for that reason, fees should not be awarded pursuant to its terms. Defendant filed opposition, and on January 13, 2020, the court denied the motion, setting forth its reasons in a written statement that accompanied the order.

In its decision, the trial court noted that "the mere fact that a contract is adhesive does not render it unenforceable." The court explained that it did not find that the agreement was unconscionable because plaintiff had nearly two years from the time the agreement became effective to the time of the incident with plaintiff's account to find another banking institution if it was dissatisfied

A-2554-19T1

with the terms of the agreement. The court also noted that it had "heard testimony and argument from [the parties] as well as weighed evidence submitted by both parties" and "deemed the Agreement as binding on the parties [and] effective."

Thereafter, on February 7, 2020, the trial court approved Lakeland's application for $2,533.50 in requested fees that was submitted on November 20, 2019. This appeal followed.

At the outset, we observe that plaintiff's challenge is not to the amount of fees awarded in the court's February 7, 2020 order but to the court's decision that defendant was entitled to fees under the agreement. As the trial court's reconsideration decision noted, that determination was made based on the evidence adduced at trial that resulted in the court's November 18, 2019 judgment in favor of defendant. In its written decision on reconsideration, the court stated that "[a]t the conclusion of trial [it] deemed the Agreement as binding on the parties and . . . effective . . . at the time the cause of action arose."

Plaintiff argues to us that the trial court's decision was not supported by any evidence that plaintiff ever "received, reviewed, negotiated, signed, or accepted" the agreement, which "was provided to Plaintiff for the first time when this action was filed." Plaintiff further argues that the trial court decided to

award the fees "based on language from an unsigned [agreement] . . . without any testimony laying a foundation for the Agreement and [with] testimony that the Agreement was never seen by Plaintiff before bringing suit."

Because plaintiff has failed to file the trial transcript in support of its appeal as required by Rule 2:5-3, we cannot determine the merits of plaintiff's contentions or exact basis for the trial court's determination. Nor can we determine whether plaintiff raised at trial the argument it now presents to us about the agreement being unenforceable or contrary to the American Rule.

If the arguments were not raised at trial, the fact that plaintiff raised these arguments on reconsideration only would render the trial court's order unreviewable by us on appeal. See Bostock v. High Tech. Elevator Indus., 260 N.J. Super. 432, 447 (App. Div. 1992) (concluding that an appellant was precluded from advancing arguments on appeal that had been presented in the appellant's motion for reconsideration but had not been properly raised at trial). Raising an argument for the first time on reconsideration does not constitute proper presentation of an issue. A party is not permitted to use a motion for reconsideration as a basis for presenting new facts or arguments that could have been provided in its original opposition. Cap. Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 311 (App. Div. 2008) (citing Cummings v. Bahr,

295 N.J. Super. 374, 384 (App. Div. 1996)). We "will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)). Neither of these exceptions apply to plaintiff's arguments.

Because we do not have a transcript, we cannot make the determination that the trial court's award of counsel fees was improper. A complete transcript of the trial proceedings is "ordinarily . . . an integral part of the record on appeal." In re Guardianship of Dotson, 72 N.J. 112, 116 (1976). It provides an appellant with "a firm foundation for his [or her] arguments that trial error occurred" and it provides the reviewing court with "a basis for a complete and proper analysis of all the issues" presented on appeal. Ibid. Here, without the transcript from the one-day trial, we are prevented from conducting any meaningful review of this matter. Cipala v. Lincoln Tech. Inst., 179 N.J. 45, 55 (2004) (affirming the appellate division's refusal to review an issue raised by an appellant who failed to submit a transcript and noting that failure to include the transcript "prohibit[ed] review" of the appellant's claim).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2554-19T1